## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

CORNELL SMITH,

     Plaintiff,

v.                                                                    Case No.  5:25-cv-55-MW-MJF

RICKY DIXON,

     Defendant.

_____/

## REPORT AND RECOMMENDATION
## TO DENY PRELIMINARY INJUNCTIVE RELIEF

This prisoner civil-rights case is before this court on Plaintiff Cornell Smith's motion for a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65(a) and (b). Doc. 33. Defendant Ricky Dixon opposes the motion. Doc. 38. For the reasons set forth below, the District Court should deny Smith's motion.

### BACKGROUND

Smith is an inmate of the Florida Department of Corrections ("FDC") housed at the Franklin Correctional Institution. Smith initiated this civil action on February 5, 2025, by filing a civil-rights complaint. Doc. 1. Smith's amended complaint, filed on June 30, 2025, is the

Page 1 of 8

operative complaint. Doc. 13. Smith is suing Secretary Dixon in his official capacity.

Smith asserts that he is a Muslim. Smith's amended complaint alleges that it is an "Islamic tenet . . . for all able Muslims to grow a beard unrestricted, with the exception of trimming their mustache." Doc. 13 at 7. On October 11, 2024, a prison official required Smith to shave his beard pursuant to the FDC's grooming policy. The FDC's grooming policy provides that "[a]ll inmates shall elect either to be clean shaven or to grow and maintain a half-inch beard. Such a beard shall include all the hair that grows naturally on the face and front of the neck, excluding eyebrows and eyelashes." Fla. Admin. Code. r. 33-602.101(4).

Smith alleges that he filed grievances seeking a religious exemption from the grooming policy, but prison officials denied those grievances. Doc. 13 at 7–8. Smith claims that the FDC's refusal to exempt Smith from the FDC's grooming policy violates Smith's rights under the First and Fourteenth Amendments, as well as the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Doc. 13 at 8. In his amended complaint, Smith seeks a declaratory judgment and an injunction that prevents prison officials from applying the grooming rule to him. *Id*. at 9.

## SMITH'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Smith filed his motion for a preliminary injunction and temporary restraining order on December 9, 2025. Doc. 33. That was *more than nine months* after Smith filed his initial complaint, and *six months* after he filed his amended complaint. In support of his motion, Smith cites two cases in which courts granted Muslim inmates injunctions that prevented the FDC from enforcing its grooming policy against the plaintiff. *Id.* at 1, 3 (citing *Sims v. Inch*, 400 F. Supp. 3d 1272 (N.D. Fla. 2019) and *Shabazz v. Dixon*, 2023 WL 5206111 (M.D. Fla. Aug. 14, 2023)); *see also Denson v. Dixon*, 2023 WL 5200482 (M.D. Fla. Aug. 14, 2023).[1]

Secretary Dixon opposes Smith's motion. Doc. 38. Dixon argues that Smith fails to establish the two most critical factors for obtaining preliminary injunctive relief: a substantial likelihood of success on the merits, and irreparable injury. Dixon also argues that the proposed injunction would be adverse to the public's interest. Doc. 38.

## THE STANDARD FOR PRELIMINARY INJUNCTIVE RELIEF

The four prerequisites for preliminary injunctive relief are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of

---

[1] *Shabazz* and *Denson* are the same cases and involve the same Plaintiff, Abdul Hakeen Jahmal Naseer Shabazz *aka* Owen D. Denson, Jr.

irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and (4) granting the injunction would not be adverse to the public interest. A movant's failure to "show any of the four factors is fatal" to his motion for injunctive relief. *Am. Civ. Liberties Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Swain v. Junior*, 961 F.3d 1276, 1284 (11th Cir. 2020). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Robinson v. Att'y Gen.*, 957 F.3d 1171, 1178-79 (11th Cir. 2020). "Mandatory preliminary relief," as Smith seeks here, "goes well beyond simply maintaining the status quo[,] is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Powers v. Sec'y, Fla. Dep't of Corr.*, 691 F. App'x 581, 583 (11th Cir. 2017) (internal quotation marks omitted) (citation omitted).

The irreparable-injury factor "'is the sine qua non of injunctive relief.'" *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting

*Northeastern Fla. Chapter of the Ass'n of Gen Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)). In *Wreal, LLC v. Amazon.com. Inc.*, 840 F.3d 1244 (11th Cir. 2016), the Eleventh Circuit explained:

> A delay in seeking a preliminary injunction of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm. A preliminary injunction requires showing "imminent" irreparable harm. Indeed, the very idea of a preliminary injunction is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits. For this reason, our sister circuits and district courts within this Circuit and elsewhere have found that a party's failure to act with speed or urgency in moving for a preliminary injunction necessarily undermines a finding of irreparable harm.

*Id.* at 1248 (citations omitted). "[T]wo time periods are relevant in determining whether a plaintiff acts promptly in seeking [injunctive] relief: (1) a plaintiff cannot delay in filing a complaint after discovering a potential infringer, and (2) a plaintiff must move quickly in filing a motion for a preliminary injunction once a complaint has been filed. If either is unreasonably delayed, a finding of irreparable harm is significantly weakened." *Bethune-Cookman, Univ., Inc. v. Dr. Mary McLeod Bethune Nat'l Alumni Ass'n, Inc.*, 2022 WL 18107602, at *2 (M.D. Fla. Nov. 22, 2022) (internal quotation marks and citation omitted).

## DISCUSSION

Smith fails to satisfy the irreparable-injury requirement. Smith alleges that he "faces imminent, ongoing harm that cannot be compensated with money damages. Without immediate judicial intervention, Plaintiff will continue to be violated." Doc. 33 at 3. In response, Dixon argues that Smith's three-year delay in filing this lawsuit and seeking injunctive relief undercuts Smith's claim of irreparable injury. Doc. 38 at 9–10.

On February 2, 2022, Smith registered with the FDC his faith as "Muslim." Doc. 38-1, Ex. A. In 2022, as now, the FDC's grooming policy limited inmates' beards to one-half inch. Fla. Admin. Code r. 33-602.101(4) (2018). Consistent with the FDC's grooming policy, Smith was not—and has not been—permitted to grow an unrestricted beard for a number of years, at least since February 2022.

Smith, however, did not file this lawsuit until February of 2025, and Smith did not file a motion for a temporary restraining order/preliminary injunction until December of 2025. This means that Smith has waited three years to seek judicial relief. And Smith has not provided a satisfactory reason for such a lengthy delay. Smith does not explain why he faced harm in February 2025 with regard to the FDC's

Page 6 of 8

grooming policy, but not before. As a result of the lengthy delay, Smith has failed to establish that he will suffer irreparable injury if a preliminary injunction or temporary restraining order is not granted.

When confronted with similar challenges to the FDC's grooming policy, other judges have denied preliminary injunctions because of a prisoner's delay in seeking relief. *See Yoseph v. Dixon*, No. 1:24-cv-137-AW-ZCB, 2024 WL 5046301 (N.D. Fla. Dec. 9, 2024), *aff'd sub nom. Yoseph v. Sec'y, Fla. Dep't of Corr.*, 2025 WL 2366445, at *5–6 (11th Cir. Aug. 14, 2025) (denying Muslim prisoner's request for a preliminary injunction against FDC's beard grooming policy because prisoner could not show irreparable injury when he waited years to seek judicial relief); *Abdul v. Inch*, No. 4:21-cv-153-MW-MJF, 2024 WL 3436636 (N.D. Fla. June 17, 2024), *report and recommendation adopted*, 2024 WL 3432015 (N.D. Fla. July 16, 2024) (same); *Smith v. Dixon*, No. 4:22-cv-373-WS/MAF, 2024 WL 5717479 at *2–3, 4 (N.D. Fla. Apr. 5, 2024) (same) *McWilliams v. Dixon*, No. 24-80055-CIV, 2024 WL 2194664, at *1 (S.D. Fla. Apr. 22, 2024) (same). The Eleventh Circuit reached the same result in analogous cases. *See Yoseph*, 2025 WL 2366445, at *5–6; *Powers*, 691 F. App'x at 583–84 (affirming denial of preliminary injunction because

the inmate waited three years to challenge prison's failure to provide religiously-compliant meals, and thus could not show irreparable injury).

Because the failure to establish even one of the four requirements dooms a request for a preliminary injunction, Smith's motion must be denied because he failed to show that he will suffer irreparable injury.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Plaintiff's motion for a temporary restraining order and preliminary injunction, Doc. 33.

At Panama City, Florida, this 3rd day of March 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**