**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**CORNELL SMITH,**

***Plaintiff*,**

**v.** **Case No.: 5:25cv55-MW/MJF**

**RICHARD COMERFORD,**

***Defendant*.**
**___________________________/**

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 55, and has also reviewed *de novo* Defendant's objections, ECF No. 56. Notwithstanding Defendant's continued objection on the exhaustion issue for Plaintiff's RLUIPA claim, this Court agrees with the Magistrate Judge that Plaintiff's request for an exemption from FDOC's grooming policy does not amount to a request to adopt, amend, or repeal any rule, and thus, Plaintiff is not required to file a Petition to Initiate Rulemaking to properly exhaust his administrative remedies to pursue his RLUIPA claim.

Although Defendant attempts to distinguish this case from Judge Winsor's case in *Yo'Seph v. Dixon*, 1:24cv137-AW/ZCB, on the basis that the plaintiff in Judge Winsor's case requested an "exclusion" rather than an "exemption," Defendant says nothing about *Davis v. Dixon*, another decision from this District in

which Judge Rodgers adopted the Magistrate Judge's report and recommendation rejecting Defendant's same arguments where the plaintiff was seeking an "exemption" of the challenged grooming policy, as Plaintiff does here. *See Davis v. Dixon*, Case No.: 1:24cv145-MCR/HTC, 2025 WL 1214237 at *1 (N.D. Fla. Feb. 6, 2025) ("Davis's request for an exemption to the grooming rule does not equate to a demand that the FDOC amend its rules and, thus, the PIRM requirement does not apply to Davis."). This Court is further persuaded by Magistrate Judge Cannon's well-reasoned analysis, adopted without change by Judge Rodgers, in the *Davis* case.

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 55, is **accepted and adopted**, over the Defendant's objections, as this Court's opinion. Defendant's motion to dismiss, ECF No. 37, is **GRANTED in part and DENIED in part.** Plaintiff's First and Fourteenth Amendment claims are **DISMISSED** for failure to state a claim for which relief can be granted. However, Plaintiff's RLUIPA claim may proceed insofar as this Court rejects Defendant's argument that Plaintiff has failed to exhaust administrative remedies. This case is referred back to the Magistrate Judge for further proceedings consistent with this Order.

**SO ORDERED on October 7, 2026.**

**s/Mark E. Walker**
**United States District Judge**